**This order is SIGNED.**

**Dated: June 26, 2025**



**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



msc

*PREPARED AND SUBMITTED BY:*

| | |
|---|---|
| George Hofmann (10005) | Ted F. Stokes (14891) |
| Jeffrey L. Trousdale (14814) | **Stokes Law PLLC** |
| **Cohne Kinghorn, P.C.** | 2072 North Main Suite 102 |
| 111 East Broadway, 11th Floor | North Logan, Utah 84341 |
| Salt Lake City, Utah 84111 | Telephone: (435) 213-4771 |
| Telephone: (801) 363-4300 | Facsimile: (888) 441-1529 |
| Facsimile: (801) 363-4378 | |
| Attorneys for TW Medical Group, LLC | Attorneys for Taylor G. Wright, P.C. |

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re<br><br>TW MEDICAL GROUP, LLC and<br><br>TAYLOR G. WRIGHT, P.C.,<br><br>Debtors. | Jointly Administered under<br>Case No. 24-25495 (JTM)<br><br>Chapter 11<br><br>**THIS DOCUMENT RELATES TO:**<br>☐ In re TW Medical Group, LLC<br>☐ In re Taylor G. Wright, P.C.<br>☑ Both Debtors |

**FINDINGS AND CONCLUSIONS REGARDING PLAN OF REORGANIZATION**

The Court conducted a hearing on June 26, 2025 at 2:00 p.m. (the "Confirmation Hearing") to consider confirmation of the Plan of Reorganization dated June 20, 2025 [Docket No. 255] (the "Plan") filed by TW Medical Group, LLC ("TW Med") and Taylor G. Wright, P.C. ("TGW", and collectively with TW Med, the "Debtors"). George Hofmann

appeared at the hearing on behalf of TW Med, Ted F. Stokes appeared at the hearing on behalf of TGW, other appearances were noted on the record.  Based upon:  (a) the Order (i) Approving Disclosure Statement with Respect to Debtors' Plan of Reorganization, (ii) Establishing Voting Record Date, (iii) Approving Solicitation Procedures, Forms of Ballot, and Manner of Notice, and (iv) Fixing the Deadline for Filing Objections to the Confirmation of the Plan [Docket No. 227] (the "Plan Procedures Order"), (b) the Plan, (c) the Disclosure Statement with Respect to Debtors' Plan of Reorganization [Docket No. 202]; (d) the Certificate of Service pursuant to the Plan Procedures Order (the "Solicitation Certificate of Service"); [Docket No. 230]; (e) the Ballot Tabulation Register (the "Ballot Tabulation Register") [Docket No. 250]; (f) the Declaration of Zachary Paul in Support of Confirmation of Plan of Reorganization [Docket No. 259]; (g) the Memorandum of Law in Support of Confirmation of Plan of Reorganization [Docket No. 257], (h) the representations of counsel at the Confirmation Hearing, (i) the evidence received at the Confirmation Hearing; the Court having considered the applicable law; it appearing that notice of the Confirmation Hearing and the solicitation of votes to accept or reject the Plan was in accordance with the Plan Procedures Order; the Court having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, THE COURT HEREBY FINDS AND CONCLUDES[1] as follows:

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. Pro. 7052 and 9014(c).

A. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>.  This Court has jurisdiction over the Bankruptcy Cases[2] pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. § 1408.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. <u>Judicial Notice</u>.  This Court takes judicial notice of the Solicitation Certificate of Service, the Ballot Tabulation Register, and that the deadline for filing objections to confirmation of the Plan was June 16, 2025, and no objections were timely filed to confirmation of the Plan.

C. <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Rules, the Plan Procedures Order and applicable law.  The Disclosure Statement, Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules, the Plan Procedures Order, and applicable law, upon Creditors and Interest Holders entitled to vote on the Plan, and such transmittal and service were adequate and sufficient.  No other or further notice of the Plan or Confirmation Hearing is or shall be required.

---

[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.

4922-6371-4129, v. 1                                3

D. <u>Solicitation</u>. The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, the Plan Procedures Order and applicable law. Based on the record before the Court in the Bankruptcy Case, the Debtors have acted in "good faith" within the meaning of § 1125, and are entitled to the protections afforded by § 1125(e).

E. <u>Distribution</u>. All procedures used to distribute the solicitation materials to the applicable holders of Claims and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, the Plan Procedures Order and applicable law.

F. <u>Creditors' and Interest Holders' Acceptance of Plan</u>. The Plan establishes 19 Classes of Claims, and two Classes of Equity Interests. Classes 1, 3, 5, 6, 7, 8, 9, 10, 11, 13, and 14 are deemed to have accepted the Plan because no creditor in any of these Classes voted on the Plan nor did any creditor in these Classes object to the Plan. Creditors in Classes 2, 4, 12, 15, 16, 17, 18, and 19 that submitted ballots unanimously accepted the Plan by affirmative vote. Class 20 and 21 Equity Interests are deemed to have accepted the Plan.

G. <u>Plan Complies with Bankruptcy Code</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1).

    i. <u>Proper Classification</u>. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests in

---

[3] Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

4922-6371-4129, v. 1      4

each such Class.  The Plan properly classifies Claims and Equity Interests.  In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Plan, the Plan designates various separate Classes of Claims and Equity Interests based on differences in their legal nature or priority.  Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests under the Plan.  Finally, the Classes do not unfairly discriminate between holders of Claims or Equity Interests.  Thus, the Plan satisfies §§ 1122 and 1123(a)(1).

ii. <u>Specify Unimpaired Classes</u>.  The Plan specifies that Class 20 and 21 Equity Interests are unimpaired under the Plan.  Thus § 1123(a)(2) is satisfied.

iii. <u>Specify Treatment of Impaired Classes</u>.  Classes 1 through 19 are designated as impaired under the Plan.  Article IV of the Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying § 1123(a)(3).

iv. <u>No Discrimination</u>.  The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to less favorable treatment with respect to such Claim or Interest, thereby satisfying § 1123(a)(4).

v. <u>Implementation of Plan</u>.  The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying § 1123(a)(5).  Among other things, the Plan provides for distributions to creditors, the

        assumption of contracts, the consolidation of the Debtors, and the continuation of their business operations.

  vi.    <u>Corporate Charter Provisions Inapplicable</u>. Section 1123(a)(6) is satisfied because the Confirmation Order specifically provides that the Reorganized Debtor shall not issue nonvoting equity securities or securities of any type.

  vii.    <u>Selection of Post-Confirmation Manager</u>. The identity and affiliations of the Reorganized Debtor's officers is disclosed in the Disclosure Statement and the Plan. Further, provisions in the Plan regarding the selection of these officers are consistent with the interests of creditors and interest holders and with public policy. Thus, § 1123(a)(7) is satisfied.

  viii.    <u>Payments from Future Income of the Debtors</u>. The Debtors are not individuals, and thus § 1123(a)(8) does not apply.

  ix.    <u>Additional Plan Provisions</u>. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thus satisfying the requirements of § 1123(b).

  x.    <u>Bankruptcy Rule 3016(a)</u>. The Plan is dated and identifies the Debtors as its proponent, thereby satisfying Bankruptcy Rule 3016(a).

H. <u>The Plan and the Proponents Comply with the Bankruptcy Code</u>. The Plan complies with the applicable provisions of the Bankruptcy Code. Likewise, the Debtors have complied with the applicable provisions of the Bankruptcy Code. Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

  i.    The Debtors are proper proponents of the Plan under § 1121(c).

      ii.      The Debtors complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

I. <u>Plan Proposed in Good Faith</u>.  The Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with the requirements of § 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Cases and the formulation of the Plan.  Among other things, the Court finds:

    i.  the Debtors filed the Bankruptcy Cases, and proposed the Plan, for a valid purpose;

    ii.  neither the Bankruptcy Cases nor the Plan were filed as a litigation tactic or for delay;

    iii.  the Debtors have been, and are, actively prosecuting their Bankruptcy Cases;

    iv.  the Debtors proposed the Plan with the legitimate and honest purpose of, among other things, maximizing returns to creditors;

    v.  the Plan contemplates full payment Claims in all Classes other than Convenience Claims B;

    vi.  the Debtors should have sufficient liquidated funds to fully implement the Plan;

   vii. this is not a case involving a single creditor;

   viii. the Debtors have a reasonable possibility of successfully implementing the Plan and making distributions to holders of Allowed Claims; and

   ix. the Plan is feasible and practical, and there is a reasonable likelihood that the Plan will achieve its intended results, which are consistent with the purposes of the Bankruptcy Code.

J. <u>Payments for Services or Costs and Expenses</u>. Any payment made or to be made under the Plan for services or for costs and expenses in or in connection with the Bankruptcy Cases prior to the Effective Date, including all fees and expenses incurred by Professionals, has been approved by or is subject to the approval of the Court as reasonable, thereby satisfying § 1129(a)(4).

K. <u>Managers of the Reorganized Debtor</u>. The Plan and the Disclosure Statement identify Drs. Hugentobler and Toole as the managers of the Reorganized Debtor. Their service as the post-Effective Date managers of the Reorganized Debtor's business is consistent with the interests of the holders of Claims and Interests and with public policy. Therefore, the requirements of § 1129(a)(5) are satisfied.

L. <u>No Rate Changes</u>. The Plan satisfies § 1129(a)(6) because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

M. <u>Best Interests of Creditors Test</u>. Because Classes 1, 3, 5, 6, 7, 8, 9, 10, 11, 13, and 14 are is deemed to have accepted the Plan, and Classes 2, 4, 12, 15, 16, 17, 18, and 19 accepted the Plan by unanimous affirmative vote, the Plan

satisfies § 1129(a)(7)(i) with respect to these Classes. Further, the Debtors have demonstrated that all holders of Claims and Interests will receive or retain property of a value not less than what such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code.

N. <u>Acceptance by Requisite Classes</u>. Classes 1-19 are impaired; and Classes 1, 3, 5, 6, 7, 8, 9, 10, 11, 13, and 14 are deemed to have accepted the Plan and Class 2, 4, 12, 15, 16, 17, 18, and 19 creditors who voted unanimously voted in favor the Plan. Therefore, § 1129(a)(8) is satisfied with respect to all Classes of Claims.

O. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>. The Plan satisfies the requirements of § 1129(a)(9). Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims will be paid as mandated by § 1129(a)(9).

P. <u>Acceptance by at Least One Impaired Class</u>. Classes 1, 3, 5, 6, 7, 8, 9, 10, 11, 13, and 14 are deemed to have accepted the Plan, and Classes 2, 4, 12, 15, 16, 17, 18, and 19 affirmatively accepted the Plan. Therefore, there is at least one impaired accepting Class, and § 1129(a)(10) is satisfied.

Q. <u>Feasibility</u>. The Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtors. The Plan offers a reasonable prospect of success and is workable.

R.  <u>Payment of Fees</u>.  All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Section 2.2(b) of the Plan, thereby satisfying § 1129(a)(12).

S.  <u>Continuation of Retiree Benefits</u>.  The Plan complies with § 1129(a)(13) because the Debtors have no obligation to pay retiree benefits subject to § 1114.

T.  <u>No Domestic Support Obligations</u>.  The Debtors are not individuals and thus has no domestic support obligations.  Therefore § 1129(a)(14) is not applicable.

U.  <u>Projected Disposable Income</u>.  The Debtors are not individuals and thus the disposable income test of § 1129(a)(15) does not apply.

V.  <u>Transfers Will Comply with Nonbankruptcy Law</u>.  The Debtors are not not-for-profit entities, and therefore § 1129(a)(16) is not applicable.

W.  <u>No Other Plan.</u>  No other chapter 11 plan is pending before the Court in this Bankruptcy Case, and so § 1129(c) does not apply.

X.  <u>Principal Purpose of Plan</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).  Therefore, the Plan satisfies the requirements of § 1129(d).

In summary, the Plan complies with, and the Debtors have satisfied, all applicable confirmation requirements, and the Plan will be confirmed by entry of the separate Confirmation Order.

-------------------------------------- END OF DOCUMENT --------------------------------------

# DESIGNATION OF PARTIES TO BE SERVED

The undersigned hereby designates the following parties to be served a copy of the foregoing **FINDINGS AND CONCLUSIONS REGARDING PLAN OF REORGANIZATION.**

**By Electronic Service**: I certify that the parties of the record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing through the CM/ECF system:

- **Megan K Baker**  baker.megan@dorsey.com
- **David P. Billings**  dbillings@fabianvancott.com, mbeck@fabianvancott.com
- **Matthew James Burne**  matthew.burne@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Joseph M.R. Covey**  jcovey@parrbrown.com, calendar@parrbrown.com;lstumpf@parrbrown.com
- **P. Matthew Cox**  mcox@spencerfane.com, ecall@spencerfane.com;mwatson@spencerfane.com
- **Micah L. Daines**  micah@dainesjenkins.com
- **Timothy Deans**  tim@carrwoodall.com
- **L. Mark Ferre**  mferre1974@gmail.com
- **Michael Galen**  galen.michael@dorsey.com, Lonon.sandy@dorsey.com
- **George B. Hofmann**  ghofmann@ck.law, mparks@ck.law;enilson@ck.law
- **Michael R. Johnson**  mjohnson@rqn.com, docket@rqn.com;ASanchez@rqn.com;RQN@ecfalerts.com
- **Ellen E. Ostrow**  eostrow@foley.com, ellen-ostrow-4512@ecf.pacerpro.com;docketflow@foley.com;geysa.peeler@foley.com
- **Theodore Floyd Stokes**  ted@stokeslawpllc.com
- **Jacob B Stone**  jstone@piahoyt.com
- **Engels Tejeda**  ejtejeda@hollandhart.com, slclitdocket@hollandhart.com,intaketeam@hollandhart.com;jjbutton@hollandhart.com
- **Jeffrey L. Trousdale**  jtrousdale@cohnekinghorn.com, mparks@ck.law;enilson@ck.law
- **United States Trustee**  USTPRegion19.SK.ECF@usdoj.gov
- **Jaren Wieland**  jaren.wieland.service@mooneywieland.com

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

☐  None

☒  Other:

> **Nediha Hadzikadunic**
> Pia Hoyt
> 170 South Main Street, Suite 1100
> Salt Lake City, UT 84101
>
> **Juliet Mcbride**
> King & Spalding
> ,
>
> **Joseph G Pia**
> Pia Hoyt LLC
> 170 South Main Street, Suite 1100
> Salt Lake City, UT 84101
>
> **David R. Tucker**
> Tucker Theurer & Co.
> 299 S Main Street
> Suite 1300
> Salt Lake City, UT 84111

☐  All parties on the Court's official case matrix.

/s/ George Hofmann