**This order is SIGNED.**

**Dated: November 6, 2026**

**PEGGY HUNT**
**U.S. Bankruptcy Judge**

*nbh*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>INNOVATION MEDICAL GROUP, P.C., f/k/a TW MEDICAL GROUP, LLC and TAYLOR G. WRIGHT, P.C.,<br><br>Reorganized Debtor. | Bankruptcy Case Nos. 24-25495 and 24-25496<br>(Jointly administered and substantively consolidated under Case No. 24-25495)<br><br>Chapter 11<br><br>Honorable Peggy Hunt |

# MEMORANDUM DECISION

The question presented is whether a deadline to file a proof of claim in a Chapter 11 case – generally known as a "bar date" – may be extended based on "excusable neglect" under Bankruptcy Rule 9006(b)(1)(B).[1] The Court concludes the excusable neglect standard does not apply because the extension of bar dates is expressly governed by Bankruptcy Rule 9006(b)(3)(A), which allows extensions

[1] References to the "Bankruptcy Rules" or "Rules" are to the Federal Rules of Bankruptcy Procedure.

"but only as permitted" in Bankruptcy Rule 3002(c). Although that Rule applies in cases filed under Chapters 7, 12 and 13 of the Bankruptcy Code,[2] subsection (c)(7) of Rule 3002 specifically governs bar date extensions, and it is made applicable in Chapter 11 cases pursuant to Bankruptcy Rule 3003(c)(3). Rule 3002(c)(7) and by extension, Rule 3003(c)(3), permit a bar date to be extended in a Chapter 11 case if the court "finds that the notice [of the bar date] was insufficient to give the creditor a reasonable time to file [a proof of claim]." Using this standard in the present case, the creditor's untimely filed proof of claim must be disallowed because the creditor had sufficient notice of the bar date.

## I. Jurisdiction and Venue

TW Medical Group, LLC ("**TW Med.**") and Taylor G. Wright, P.C. ("**Wright PC**") (collectively, the "**Debtors**") filed *Petitions* seeking relief under Chapter 11 of the Bankruptcy Code.[3] The Court entered an *Order* confirming a Chapter 11 *Plan* for the Debtors providing, among other things, for the substantive consolidation of the Debtors' estates, and affording the Court exclusive jurisdiction to determine disputes related to the allowance of claims.[4] The consolidated and reorganized Debtors are known as "Innovation Medical Group, P.C. f/k/a TW

[2] Title 11, United States Code, § 101 *et seq.* Statutory references are to the Bankruptcy Code unless stated otherwise.
[3] *See* Bankr. Case No. 24-25495 (hereinafter "**TW Med. Case**") and Bankr. Case No. 24-25496 (hereinafter "**Wright PC Case**") (together the "**Cases**"). References to "Dkt. Nos." are to the TW Med. Case unless stated otherwise.
[4] Dkt. No. 255 (Plan of Reorganization Dated June 20, 2025 (the "**Plan**")), §§ 5.2, 10.1(a); Dkt. No. 266 (Order Confirming Plan of Reorganization (the "**Confirmation Order**")), ¶¶ 6, 8.

Medical Group, LLC and Taylor G. Wright P.C" (hereinafter the "**Reorganized Debtor**").[5]

The Court's jurisdiction over this contested matter is proper under 28 U.S.C. §§ 157(a) and 1334(b), DUCivR 83-6.1, and the confirmed Plan. Pursuant to 28 U.S.C. § 157(b)(1), the Court may hear and determine the present matter by entry of a final order because it is a core proceeding as it arises under the Bankruptcy Code and arises in this case and may also be included as a core proceeding under 28 U.S.C. § 157(b)(2)(B). Venue of this case in this District is proper pursuant to 28 U.S.C. § 1408.

## II. Background

The facts in this case are uncontested.

The Debtors filed their Chapter 11 Petitions in October 2024. Neither Debtor scheduled the United States Department of Health and Human Services ("**HHS**") as a creditor.[6]

The deadline for governmental units to file proofs of claim was April 21, 2025 ("**Bar Date**").[7] HHS admits that it had sufficient notice of the Bar Date to allow it to timely file proofs of claim.[8] In fact, prior to the expiration of the Bar

---

[5] Plan, § 5.2.4; Confirmation Order, ¶ 8(D).
[6] *See* Dkt. Nos. 87, 88, 91, 109 (Schedules and Amended Schedules).
[7] Dkt. No. 45 (Notice of Chapter 11 Case, ¶ 7), Dkt. Entry dated Nov. 3, 2024; Wright PC Case Dkt. No. 24, Dkt. Entry dated Nov. 3, 2024.
[8] It was argued that notice was defective because it was not served on the United States Attorney's office in accordance with Fed. R. Bankr. P. 2002(j)(4). Dkt. No. 415 (Response to Objection (the "**Response**")), pp. 2 – 3. Service of notice is important, but in this case the error was harmless. Counsel admitted at the hearing that even if

Date, HHS prepared *Proofs of Claim*, asserting claims in excess of $1 million against TW Med. and Wright PC, and attempted to file them with Court.[9] The Proofs of Claim, however, were not filed until approximately one month after the Bar Date expired because HHS originally mailed them to an incorrect address.[10]

The Reorganized Debtor objects to the Proof of Claim HHS filed against TW Med., asserting among other things, that it was not timely filed.[11] No objection was made to the Proof of Claim HHS filed against Wright PC[12] and, therefore, this discussion applies only to the Proof of Claim filed against TW Med. HHS responds that its claim should be allowed because its failure to timely file the Proof of Claim was due to "excusable neglect."[13]

After hearing argument on the Objection, the Court took the matter under advisement. The Court has reviewed the noted filings, the record in this case, the representations and arguments of counsel and the applicable law and now issues

---

the United States Attorney had been served, HHS would have prepared and filed the Proofs of Claim. *See* H. Audio. *See also* Fed. R. Bankr. P. 9005 ("errors and defects that do not affect any party's substantial rights" are harmless and must be disregarded); *Hill v. J.B. Hunt Transp., Inc.*, 815 F.3d 651, 659 (10th Cir. 2016) (citing *McInnis v. Fairfield Cmtys., Inc.*, 458 F.3d 1129, 1142 (10th Cir. 2006) (errors affecting substantial rights are ones that affect the outcome)).

[9] Dkt. No. 415, Exh. 1 (Declaration of Hugh Vance (the "**Vance Dec.**")), ¶¶ 2, 10 – 11; Dkt. No. 421 (Hearing Audio (hereinafter "**H. Audio**")). An evidentiary hearing on the Objection was not held. The parties stipulated to the statements in ¶¶ 2, 10 – 11 of the Vance Dec. for purposes of determining the present issue. *See id.*; Dkt. No. 420 (Request to Vacate Hearing and Decide Objection to Claim No. 51-1 on the Briefing).

[10] *See* Vance Dec., ¶¶ 10, 11.

[11] TW Med. Case Claims Dkt. No. 51-1; Dkt. No. 393 (Objection to Proof of Claim (the "**Objection**")), ¶¶ 12 – 14. The Reorganized Debtor also argues that the Proof of Claim must be disallowed because it does not contain sufficient documentation. *Id.* ¶¶ 15 – 16. The Court need not address this issue because the Proof of Claim was not timely filed, and the Bar Date may not be extended.

[12] Wright PC Case Claims Dkt. No. 18-1.

[13] Response, pp. 3 – 5.

this *Memorandum Decision* in support of the *Order Sustaining Objection to Proof of Claim Number 51-1* entered concurrently herewith.[14]

## III. Analysis

The Reorganized Debtor objects to HHS's Proof of Claim because it was not timely filed. The Court sustains the Objection. For the reasons outlined below, the Bar Date may not be extended because HHS had sufficient notice of the Bar Date to allow it to timely file its Proof of Claim. The Bar Date may not be extended due to excusable neglect.

### *HHS Was Required to File a Proof of Claim and May Obtain an Extension Only If Allowed by the Bankruptcy Rules*

Section 501(a) of the Bankruptcy Code states that a creditor may file a proof of claim.[15] A proof of claim is deemed filed in a Chapter 11 case if the debtor schedules the claim and it is not listed as being disputed, contingent or unliquidated.[16] A creditor whose claim is not scheduled or whose claim is scheduled as disputed, contingent or unliquidated "must file a proof of claim" to "be treated as a creditor for that claim for voting and distribution."[17]

Bankruptcy Rule 3003 governs the procedures for filing proofs of claim in a Chapter 11 case. Subsection (c)(3) states that the court must set the time to file

[14] *See* Fed. R. Bankr. P. 7052 and Fed. R. Bankr. P. 9014(c).
[15] *See* Fed. R. Bankr. P. 3003(c)(1).
[16] 11 U.S.C. § 1111(a); *see* Fed. R. Bankr. P. 3003(b)(1) (filing a proof of claim is unnecessary unless the claim is not scheduled or is scheduled as disputed, contingent or unliquidated).
[17] Fed. R. Bankr. P. 3003(c)(2).

proofs of claim. This Court's Local Rule 3003-1(a)(1) sets this deadline, stating that a proof of claim in a Chapter 11 case is "timely filed if it is filed not later than 90 days after the first date set for the 341 Meeting, or, if filed by a governmental unit, not later than 180 days after the date of the order for relief."[18] These "bar dates" are calculated in each case by the clerk of court who then includes them in a *Notice of Chapter 11 Case* served on creditors and parties in interest in the case.[19] Under § 502(b)(9), a proof of claim may not be allowed if it is filed after the noticed bar date except to the extent allowed under the Bankruptcy Rules.

The Debtors did not schedule HHS as a creditor and, therefore, HHS was required to file a proof of claim to be treated as a creditor for purposes of voting and distribution in this case. HHS's Proof of Claim was filed, but not prior to the Bar Date established in the Notice of Chapter 11 Case filed and served in TW Med.'s case. Accordingly, unless the Bar Date may be extended under the Bankruptcy Rules, HHS's Proof of Claim must be disallowed.

*The Bar Date May Not be Extended Under Bankruptcy Rule 3003(c)(3)*

In addition to establishing a procedure for setting bar dates in Chapter 11 cases, Bankruptcy Rule 3003(c)(3) governs extending them, stating that courts "may, for cause, extend the time" to file a proof of claim. This standard, however,

---

[18] *See* 11 U.S.C. § 502(b)(9)(A) (government deadline).
[19] *See* Fed. R. Bankr. P. 2002(a)(1), (d), (f)(1)(A) and (D), (k); Local Rule 3003-1(b).

is qualified by the last sentence of the Rule which provides: "If the time [to file a proof of claim] has expired, the proof of claim . . . may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (3), (4), and (7)." Relevant here is Rule 3002(c)(7), entitled "Extending the Time to File," governing bar date extensions in Chapter 7, 12 and 13 cases, and it states:

> On a creditor's motion filed before or after the time to file a proof of claim has expired, the court may extend the time to file by no more than 60 days from the date of its order. The motion may be granted if the court finds that the notice was insufficient to give the creditor a reasonable time to file.

Thus, under Rule 3002(c)(7), expressly applicable in Chapter 11 cases under Rule 3003(c)(3), a bar date may be extended if notice was insufficient to give the creditor a reasonable time to file a proof of claim.

Employing this standard, the Bar Date in this case may not be extended. HHS knew of TW Med.'s Chapter 11 case before the Bar Date and, in fact, prepared and attempted to file its Proof of Claim prior to the expiration of the Bar Date. Absent insufficient notice, there is no legal basis to extend the Bar Date under Rules 3002(c)(7) and 3003(c)(3). This result is not changed by Bankruptcy Rule 9006(b).

*Excusable Neglect Does Not Apply to Extend the Bar Date*

Extensions of deadlines set in the Bankruptcy Rules are governed by Bankruptcy Rule 9006(b). HHS maintains that the Bar Date should be extended

under Rule 9006(b)(1)(B) because its "failure to act" within the Bar Date "resulted from excusable neglect." For the reasons discussed below, excusable neglect may not be used to extend a bar date. Instead, Rule 9006(b)(3)(A) requires application of the insufficient notice standard set forth in Rules 3002(c)(7) and 3003(c)(3).

Rule 9006(b) has three subsections. Subsection (1) provides general rules for extensions of time, including the excusable neglect standard. Subsections (2) and (3) of Rule 9006(b) set forth exceptions to the general rules. Rule 9006(b)(1) expressly states that the general rules should not be used if subsections (2) or (3) apply.[20] Relevant here is subsection (3) because it references Rule 3002(c) – the provision discussed above governing bar date extensions in Chapter 7, 12 and 13 cases that is applicable in Chapter 11 cases under Rule 3003(c)(3). Specifically, under Rule 9006(b)(3)(A) courts are permitted to extend the time to act under Rule 3002(c), "but only as permitted by" that Rule – *i.e.*, if there is insufficient notice. Thus, under the plain language of Rule 9006(b)(1) and (3)(A), the insufficient notice standard, not excusable neglect, applies in determining whether a bar date may be extended.

In so holding, the Court recognizes that Rule 9006(b)(3)(A) does not reference Rule 3003(c). But Rule 3003(c)(3) expressly incorporates Rule

---

[20] Fed. R. Bankr. P. 9006(b)(1) (general standards in subsection (b)(1) apply "[e]xcept as provided in [subsections] (2) or (3) . . . ."). *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 389 n.4 (subsection (b)(1) of Rule 9006 is a general rule subject to the more specific provisions in its subsections (b)(2) and (3)).

3002(c)(7), and it states that a Chapter 11 bar date may only be extended "to the extent and under the conditions" for extending Chapter 7, 12 and 13 bar dates in Rule 3002(c)(7). Thus, if the excusable neglect standard cannot be used to extend a Chapter 7, 12 or 13 bar date under Rule 9006(b)(1) and (3)(A), it cannot be used to extend a Chapter 11 bar date.

The excusable neglect standard under Rule 9006(b)(1)(B) is often relied on in the context of extending bar dates because it was used by the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*[21] to allow a late-filed claim in a Chapter 11 case. In applying the excusable neglect standard, the Court dismissed the reference to Rule 3002(c) in Rule 9006(b)(3)(A) because Rule 3002(c) applies to Chapter 7 cases, not Chapter 11 cases.[22] When *Pioneer* was decided in 1993, however, Rule 3002(c)(7) did not exist and thus there was no reference to it in Rule 3003(c)(3).[23] The present versions of these Rules did not exist until 2024 and are the result of a series of amendments that commenced in 2008.

Specifically in 2008, a new subsection (c)(6) was added to Rule 3002 permitting bar date extensions if there was insufficient notice to a creditor served at

---

[21] 507 U.S. 380 (1993).
[22] *Id*. at 398. The Court recognized that its ruling resulted in different results for Chapter 7 and Chapter 11 cases and discussed why varying standards should apply in liquidation and reorganization cases. *Id*. at 389 – 90. *See Jones v. Arross*, 9 F.3d 79 (10th Cir. 1993) (Rule 9006(b)(3) expressly references Rule 3002(c) and therefore the standard in Rule 3002(c) applies in determining whether a bar date should be extended, not excusable neglect standard under Rule 9006(b)(1)).
[23] *See* Fed. R. Bankr. P. 3002(c) (1993); Fed. R. Bankr. P. 3003(c) (1993), *quoted in Pioneer,* 507 U.S. at 382, n.1.

a foreign address. Rule 3003(c)(3) was amended at the same time to cross reference this new subsection (c)(6) thus making the new standard applicable in Chapter 11 cases. In 2017, subsection (c)(6) of Rule 3002 was amended to, among other things, expand its application to all creditors, but with differing standards given the circumstances. Subsection (c)(6) was again amended in 2022 to include its present language with the stated intent of providing "a single standard for granting motions for an extension of time to file a proof of claim . . . ."[24] During these periods, Rule 3002(c)(6) remained applicable in Chapter 11 cases due to the reference to it in Rule 3003(c)(3). In 2024, subsection (c)(6) of Rule 3002 was renumbered to (c)(7) and the same change was made to the cross reference in Rule 3003(c).

As a result of these amendments, the excusable neglect standard in Rule 9006(b)(1)(B) used in *Pioneer* no longer applies to bar date extensions. Rule 9006(b)(1) and (3)(A) require that the insufficient notice standard in Rule 3002(c)(7) – and by extension Rule 3003(c)(3) – must be used to extend a bar date. Continued application of an excusable neglect standard in Chapter 11 cases would have the effect of reading the express reference to Rule 3002(c)(7) out of Rule 3003(c)(3).[25]

---

[24] Fed. R. Bankr. P. 3002 Advisory Committee's Note to 2022 Amendment.
[25] *See, e.g., Ysleta del Sur Pueblo v. Texas*, 596 U.S. 685, 698 – 99 (2022) ("…we must normally seek to construe Congress's work so that effect is given to all provisions, so that no part will be inoperative or superfluous, void or insignificant.").

## IV. Conclusion

For the reasons stated, the only basis to extend a bar date is if notice was insufficient to give the creditor reasonable time to file a proof of claim. HHS admits that insufficient notice was not a factor in this case and, therefore, the Bar Date may not be extended.

The Objection is sustained. The Proof of Claim HHS filed in the TW Med. case is disallowed in its entirety.

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing *Memorandum Decision* shall be served on the parties in the manner designated below:

**By Electronic Service**: The parties of record in this case, as identified below, are registered CM/ECF users.

- **Megan K Baker** baker.megan@dorsey.com, gordon.rebecca@dorsey.com
- **David P. Billings** dbillings@fabianvancott.com, cbuhler@fabianvancott.com
- **Matthew James Burne** matthew.burne@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Angela Jean Clifford** angela.clifford2@usdoj.gov, lacey.kiger@usdoj.gov;CaseView.ECF@usdoj.gov;allyson.nelson@usdoj.gov
- **Grant W. Coffey** gcoffey@ck.law, enilson@ck.law
- **Joseph M.R. Covey** jcovey@parrbrown.com, calendar@parrbrown.com;lstumpf@parrbrown.com
- **P. Matthew Cox** mcox@spencerfane.com, tking@spencerfane.com
- **Micah L. Daines** micah@dainesjenkins.com
- **Timothy Deans** timdeans@agutah.gov
- **L. Mark Ferre** mferre1974@gmail.com
- **Michael Galen** galen.michael@dorsey.com, Lonon.sandy@dorsey.com
- **George B. Hofmann** ghofmann@ck.law, mparks@ck.law;enilson@ck.law
- **Michael R. Johnson** mjohnson@rqn.com, docket@rqn.com;ecasaday@rqn.com;RQN@ecfalerts.com
- **David L. Mortensen** dmortensen@foley.com, skamaya@foley.com,david-mortensen-0592@ecf.pacerpro.com
- **Tyler Murray** tyler.murray2@usdoj.gov, allyson.nelson@usdoj.gov
- **Ellen E. Ostrow** eostrow@foley.com, ellen-ostrow-4512@ecf.pacerpro.com;docketflow@foley.com;rgledhill@foley.com;geysa.peeler@foley.com;elisha.burton@foley.com
- **Joseph G Pia** joe.pia@piahoyt.com
- **James A Sorenson** jsorenson@rqn.com, docket@rqn.com;ajohnson@rqn.com

- **Theodore Floyd Stokes** ted@stokeslawpllc.com
- **Jacob B Stone** jstone@piahoyt.com, mbuervenich@piahoyt.com
- **Engels Tejeda** ejtejeda@hollandhart.com, slclitdocket@hollandhart.com,intaketeam@hollandhart.com;jjbutton@hollandhart.com
- **Jeffrey L. Trousdale** jtrousdale@cohnekinghorn.com, mparks@ck.law;enilson@ck.law
- **United States Trustee** USTPRegion19.SK.ECF@usdoj.gov
- **Jaren Wieland** jaren.wieland.service@mooneywieland.com

**By U.S. Mail**: In addition to the parties receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

*None.*